**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | Civil Action No. 1:21-cv-491 |
| ) | |
| CITY OF WOONSOCKET and ) | |
| SYNAGRO NORTHEAST, LLC, ) | |
| ) | |
| *Defendants.* ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff, the United States of America, by the authority of the Attorney General of the

United States and through the undersigned attorneys, acting at the request of the Administrator of

the United States Environmental Protection Agency ("EPA"), brings this Complaint and alleges

as follows:

## NATURE OF ACTION

1.      In this civil action under Section 113(b) of the Clean Air Act ("CAA"), 42 U.S.C.

§ 7413(b), the United States seeks civil penalties and injunctive relief against the City of

Woonsocket, Rhode Island ("City" or "Woonsocket") and Synagro Northeast, LLC ("Synagro")

(collectively, "Defendants") for violations of Section 129(f) of the CAA, 42 U.S.C. § 7429(f),

and the sewage sludge incineration ("SSI") regulations at 40 C.F.R. Part 62, Subpart LLL.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over the subject matter of this action, and over Defendants, under 28 U.S.C. §§ 1331, 1345, and 1355, and Section 113(b) of the CAA, 42 U.S.C. § 7413(b).

3.     This Court has personal jurisdiction over Defendant Woonsocket because it is a city chartered in Rhode Island.

4.     This Court has personal jurisdiction over Defendant Synagro because it is a corporation doing business in Rhode Island.

5.     Venue is proper in this District because Defendants are found and conduct business in this District and because the alleged violations took place in this District.  28 U.S.C. §§ 1391(b) and (c), and 1395(a); 42 U.S.C. § 7413(b).

## NOTICE

6.     On July 25, 2016, March 27, 2018, May 20, 2019, and June 11, 2020, EPA issued four separate notices of violation ("NOVs") to Defendants, indicating that EPA found that Defendants committed the alleged violations described in this Complaint and providing an opportunity to confer with the EPA.

7.     The United States has provided notice of the commencement of this action to the State of Rhode Island as required by Section 113(b) of the CAA, 42 U.S.C. § 7413.

## AUTHORITY

8.     The Department of Justice has authority to bring this action on behalf of the Administrator of the EPA under 28 U.S.C. §§ 516 and 519, and Section 305(a) of the CAA, 42 U.S.C. § 7605(a).

## DEFENDANTS

9.      Defendant Woonsocket is a city in Providence County, Rhode Island.

10.     Defendant Synagro is a limited liability corporation, organized under the laws of Delaware, with headquarters at 435 Williams Court, Suite 100, Baltimore, Maryland 21220.  At times relevant to this Complaint, Synagro conducted business at 15 Cumberland Hill Road, Woonsocket, Rhode Island 02895.  Synagro conducts operations at the Woonsocket Wastewater Treatment Facility, at 15 Cumberland Hill Road, Woonsocket, Rhode Island (the "Facility").

11.     At all relevant times, Woonsocket owned the Facility, including a Dorr-Oliver fluidized bed SSI unit located there.  40 C.F.R. §§ 60.2 and 62.01; 42 U.S.C. § 7411(a)(5).

12.     At all relevant times, Synagro operated the Facility, including the SSI unit located there.  40 C.F.R. §§ 60.2 and 60.01; 42 U.S.C. § 7411(a)(5).

13.     Woonsocket and Synagro are "persons," as defined in Section 302(e) of the CAA, 42 U.S.C. § 7602(e).

## STATUTORY AND REGULATORY BACKGROUND

14.     The CAA, 42 U.S.C. §§ 7401 – 7671q, establishes a comprehensive scheme for protecting and enhancing the quality of the nation's air to promote public health and welfare. 42 U.S.C. § 7401(b)(1).

15.     Section 129 of the CAA, 42 U.S.C. § 7429, requires EPA to establish performance standards and other requirements under Section 111, 42 U.S.C. § 7411, for categories of solid waste incineration units.  The performance standards are to include guidelines for existing incineration units.  42 U.S.C. §§ 7411(d), 7429(b)(1).  States that have existing solid waste incineration units are required to submit plans to EPA for approval to implement and enforce the guidelines.  42 U.S.C. § 7429(b)(2).  EPA must develop, implement, and enforce a

"Federal Plan" for existing solid waste incineration units located in any state that has not submitted an approvable plan implementing the guidelines applicable to those units.  42 U.S.C. § 7429(b)(3).

16.     Under Sections 111(d) and 129(b)(3) of the CAA, 42 U.S.C. §§ 7411(d) and 7429(b)(3), EPA promulgated the "Federal Plan Requirements for Sewage Sludge Incineration Units Constructed on or Before October 14, 2010," 40 C.F.R. Part 62, Subpart LLL ("Subpart LLL" or the "Federal Plan") for the control of emissions from existing SSI units in states that did not submit an approvable state plan.  40 C.F.R. Part 62, Subpart LLL.  The Federal Plan became effective on May 31, 2016.  81 Fed. Reg. 26,040 (Apr. 29, 2016).

17.     Because Rhode Island has not submitted an approvable state plan for the control of emissions from existing SSI, Subpart LLL applies in Rhode Island.

18.     A combustion unit is subject to Subpart LLL if (1) construction of the unit commenced on or before October 14, 2010; (2) it meets the definition of an SSI unit in 40 C.F.R. § 62.16045; and (3) it is not exempt under 40 C.F.R. § 62.15860.  40 C.F.R. § 62.15885.

19.     Subpart LLL defines an SSI unit as "an incineration unit combusting sewage sludge for the purpose of reducing the volume of sewage sludge by removing combustible matter."  40 C.F.R. § 62.16045.

20.     Subpart LLL exempts combustion units that incinerate sewage sludge that are not located at a wastewater treatment facility designed to treat domestic sewage sludge. 40 C.F.R. § 62.15860.

21.     Subpart LLL requires that owners and operators of subject SSI units complete various actions, including but not limited to:

       a.      submission of a final control plan and achievement of final compliance, 40 C.F.R. § 62.15875;

       b.      if final compliance is not achieved by March 21, 2016 (the "Final Compliance Date"), submission of a notification of failure to comply and monthly reports thereafter until final compliance is achieved, 40 C.F.R. § 62.15895;

       c.      submission of a site-specific monitoring plan, 40 C.F.R. § 62.15995;

       d.      demonstration of initial and continuous compliance with the applicable emission limits, 40 C.F.R. §§ 62.15955, 62.15980, and 62.16000 (at Table 2 or 3)[1];

       e.      performance of an initial air pollution control device inspection and performance of all necessary repairs, 40 C.F.R. § 62.15990;

       f.      setting and meeting applicable operating limits, 40 C.F.R. §§ 62.15960 and 62.15985; and

       g.      submission of an initial compliance report within 60 days of the initial performance test, 40 C.F.R. § 62.16030(b).

22.      Section 129(f) of the CAA, 42 U.S.C. § 7429(f), prohibits operation of an SSI unit in violation of any performance standard, emission limit, or other requirement after the effective date of the standard, limitation, or requirement.

23.      Section 113(b) of the CAA, 42 U.S.C. § 7413(b), authorizes the United States to commence a civil action seeking injunctive relief and the recovery of civil penalties of up to

---

[1] Subpart LLL Tables 2 and 3 are currently available at https://www.law.cornell.edu/cfr/text/40/62.16050 (appending tables to 40 C.F.R. § 62.16050).

$25,000 per day for each violation of any requirement or prohibition of Subchapter I of the CAA,

42 U.S.C. §§ 7401-7515, including CAA Section 129, and of regulations promulgated under

Subchapter I of the CAA, including Subpart LLL.

24.     Under the Federal Civil Penalties Inflation Adjustment Act of 1990, as amended,

the Debt Collection Improvement Act ("DCIA"), 31 U.S.C. § 3701, and its implementing

regulations at 40 C.F.R. Part 19, the maximum civil penalty per day for each CAA violation is

$101,439 for violations occurring after November 2, 2015, where penalties are assessed on or

after January 13, 2020.

## GENERAL ALLEGATIONS

25.     Under 40 C.F.R. § 62.15855(a), the Facility's SSI unit is subject to Subpart LLL

because (1) it was constructed before October 14, 2010; (2) it is a "sewage sludge incineration

unit," as defined in 40 C.F.R. § 62.16045; and (3) it is not an exempt unit under 40 C.F.R.

§ 62.15860.

26.     As of March 21, 2016, Defendants failed to comply with Subpart LLL at the SSI

unit.

27.     The Facility's SSI unit continued to operate after March 21, 2016, in violation of

Subpart LLL.

28.     By failing to comply with Subpart LLL, Defendants violated Section 129 of the

Clean Air Act, 42 U.S.C. § 7429.

## CLAIMS FOR RELIEF

### First Claim for Relief – Failure to Submit Final Control Plan

29.     Plaintiff realleges and incorporates Paragraphs 1 through 28 as if fully set forth

herein.

30.     Under 40 C.F.R. § 62.15875, the owner/operator of an SSI unit subject to Subpart LLL must submit a final control plan by the final compliance date of March 21, 2016 (the "Final Compliance Date").

31.     Defendants failed to submit a final control plan by the Final Compliance Date, until at least November 8, 2016.  Defendants thereby violated 40 C.F.R. § 62.15875 and Section 129(f)(3) of the CAA, 42 U.S.C. § 7429(f)(3).

32.     Therefore, as provided in Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and the Federal Civil Penalties Inflation Adjustment Act of 1990 and its implementing regulations, Defendants are liable for injunctive relief and for civil penalties up to $101,439 per violation per day or such other amount as is provided by law.

**Second Claim for Relief – Failure to Achieve Final Compliance**

33.     Plaintiff realleges and incorporates Paragraphs 1 through 32 as if fully set forth herein.

34.     Under Section 129(f)(3) of the CAA, 42 U.S.C. § 7429(f)(3), and 40 C.F.R. § 62.15875, the owner/operator of an SSI unit subject to Subpart LLL must achieve final compliance by the Final Compliance Date.

35.     Defendants failed to achieve final compliance by the Final Compliance Date. Defendants thus violated Section 129(f)(3) of the CAA, 42 U.S.C. § 7429(f)(3), and 40 C.F.R. § 62.15875.

36.     As provided in Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and the Federal Civil Penalties Inflation Adjustment Act of 1990 and its implementing regulations, the violations set forth above are subject to injunctive relief and civil penalties of up to $101,439 per violation per day or such other amount as provided by law.

**Third Claim for Relief – Failure to Submit**
**Notification of Failure to Achieve Final Compliance**

37.     Plaintiff realleges and incorporates Paragraphs 1 through 36 as if fully set forth

herein.

38.     Under 40 C.F.R. § 62.15895, an owner or operator of an SSI unit subject to

Subpart LLL that fails to submit a final control plan and achieve final compliance by the Final

Compliance Date, and does not permanently close the SSI unit, must submit to EPA a

notification that it did not achieve compliance within 10 business days after the Final

Compliance Date.  The owner or operator must continue to submit reports each calendar month

until it submits a final control plan and achieves final compliance.

39.     Defendants failed to submit to EPA notification of their noncompliance within 10

business days after the Final Compliance Date, until at least August 31, 2016, in violation of 40

C.F.R. § 62.15895 and Section 129(f)(3) of the CAA, 42 U.S.C. § 7429(f)(3).

40.     As provided in Section 113(b) of the CAA, 42 U.S.C. § 7413, and the Federal

Civil Penalties Inflation Adjustment Act of 1990 and its implementing regulations, the violations

set forth above are subject to injunctive relief and civil penalties of up to $101,439 per violation

per day or such other amount as provided by law.

**Fourth Claim for Relief – Failure to  Submit Site-Specific Monitoring Plan**

41.     Plaintiff realleges and incorporates Paragraphs 1 through 40 as if fully set forth

herein.

42.     Under 40 C.F.R. § 62.15995(f), the owner/operator of an SSI unit subject to

Subpart LLL must submit a site-specific monitoring plan at least 60 days before the Final

Compliance Date.

43.     Defendants failed to submit their site-specific monitoring plan to EPA at least 60 days before Defendants' initial performance evaluation of their continuous monitoring systems as required by 40 C.F.R. § 62.15995(f), until at least January 26, 2016, and Defendants' site-specific monitoring plan was not in a form approvable by EPA until at least November 4, 2016. Defendants thereby violated 40 C.F.R. § 62.15995(f) and Section 129(f)(3) of the CAA, 42 U.S.C. § 7429(f)(3).

44.     As provided in Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and the Federal Civil Penalties Inflation Adjustment Act of 1990 and its implementing regulations, the violations set forth above are subject to injunctive relief and civil penalties of up to $101,439 per violation per day or such other amount as provided by law .

**Fifth Claim for Relief – Failure to Demonstrate Compliance with Emission Limits**

45.     Plaintiff realleges and incorporates Paragraphs 1 through 44 as if fully set forth herein.

46.     Under 40 C.F.R. §§ 62.15955 and 62.16000, the owner or operator of a fluidized bed SSI unit subject to Subpart LLL must demonstrate initial and continuous compliance with the emission limits and standards specified in Table 2 of Subpart LLL by the Final Compliance Date.

47.     Defendants failed to demonstrate initial and continuous compliance with the emission limits and standards as required by 40 C.F.R. §§ 62.15980, 62.15955 and 62.16000. Defendants thus violated 40 C.F.R. §§ 62.15980, 62.15955 and 62.16000, and Section 129(f)(3) of the CAA, 42 U.S.C. § 7429(f)(3).

48.     As provided in Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and the Federal Civil Penalties Inflation Adjustment Act of 1990 and its implementing regulations, the violations

set forth above are subject to injunctive relief and civil penalties up to $101,439 per violation per day or such other amount as provided by law.

### Sixth Claim for Relief – Failure to Establish and Meet Applicable Operating Limits

49.     Plaintiff realleges and incorporates Paragraphs 1 through 48 as if fully set forth herein.

50.     Under 40 C.F.R. §§ 62.15965 and 62.15985, the owner/operator of an SSI unit subject to Subpart LLL must establish site-specific operating limits during the initial performance test, which must be conducted by the Final Compliance Date. *See also* 40 C.F.R. § 62.15980(a)(1).

51.     Under 40 C.F.R. §§ 62.15960 and 62.16005, the owner or operator of an SSI unit subject to Subpart LLL must meet its established site-specific operating limits by the Final Compliance Date and demonstrate initial and continuous compliance with those operating limits.

52.     Defendants failed to establish site-specific operating limits by the Final Compliance Date and failed to demonstrate initial and continuous compliance with those site-specific operating limits, as required by 40 C.F.R. §§ 62.15960, 62.15965, 62.15985, 62.16005, and Section 129(f)(3) of the CAA, 42 U.S.C. § 7429(f)(3).  Defendants thus violated 40 C.F.R. §§ 62.15960, 62.15965, 62.15985, 62.16005, and Section 129(f)(3) of the CAA, 42 U.S.C. § 7429(f)(3).

53.     As provided in Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and the Federal Civil Penalties Inflation Adjustment Act of 1990 and its implementing regulations, the violations set forth above are subject to injunctive relief and civil penalties up to $101,439 per violation per day or such other amount as provided by law.

**Seventh Claim for Relief – Failure to Conduct a Performance Evaluation During a Performance Test**

54.     Plaintiff realleges and incorporates Paragraphs 1 through 53 as if fully set forth herein.

55.     Under 40 C.F.R. § 62.15995(a)(3)(ii)(D)(4), Defendant was required to conduct a temperature measurement device performance evaluation at the time of each performance test.

56.     Defendants failed to conduct a temperature measurement device performance evaluation at the time of their October 30-31, 2018 emissions test.  Defendants thus violated 40 C.F.R. § 62.15995(a)(3)(ii)(D)(4), and Section 129(f)(3) of the CAA, 42 U.S.C. § 7429(f)(3).

57.     As provided in Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and the Federal Civil Penalties Inflation Adjustment Act of 1990 and its implementing regulations, the violations set forth above are subject to injunctive relief and civil penalties up to $101,439 per violation per day or such other amount as provided by law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, the United States of America, respectfully requests that this Court:

1.     Enjoin Defendants from operating the Facility and the SSI unit located there except in accordance with the CAA and applicable regulatory requirements, including any measures necessary to comply with Subpart LLL.

2.     Assess Defendants civil penalties of up to $101,439 per day, or such other amount a provided by law for each CAA violation;

3.     Award the United States all costs and disbursements of this action; and

4.     Grant such other relief as the Court deems just and proper.

Respectfully submitted,

TODD KIM
Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division


Dated:  December 13, 2021                    /s/ David Laufman Weigert
                                             DAVID LAUFMAN WEIGERT
                                             Senior Counsel
                                             Environmental Enforcement Section
                                             Environment and Natural Resources Division
                                             U.S. Department of Justice
                                             Ben Franklin Station P.O. Box 7611
                                             Washington, D.C. 20044-7611
                                             Phone:  (202) 514-5413
                                             Email:  david.weigert@usdoj.gov

                                             RICHARD B. MYRUS
                                             Acting United States Attorney

                                             ZACHARY A. CUNHA (Bar No. 7855)
                                             Assistant U.S. Attorney
                                             50 Kennedy Plaza, 8th Floor
                                             Providence, RI 02903
                                             Phone:  (401) 709-5000
                                             Email:  Zachary.Cunha@usdoj.gov

OF COUNSEL:

THOMAS OLIVIER
U.S. Environmental Protection Agency, Region 1
5 Post Office Square - Suite 100 (Mail Code:  04-3)
Boston, MA 02109-3912
olivier.tom@epa.gov

TAHANI RIVERS
U.S. Environmental Protection Agency, Region 1
5 Post Office Square - Suite 100 (Mail Code:  04-3)
Boston, MA 02109-3912
rivers.tahani@epa.gov

PROVIDENCE SPINA
U.S. Environmental Protection Agency
William Jefferson Clinton Building
1200 Pennsylvania Avenue, N.W. (Mail Code: 2242A)
Washington, D.C. 20460
spina.providence@epa.gov